**DENTONS US LLP**
Erika M. Lopes-McLeman, Esq. (Attorney ID: 023462011)
erika.lopes-mcleman@dentons.com
Melissa Sarsten Polito, Esq. (Attorney ID: 378402022)
melissa.sarstenpolito@dentons.com
101 JFK Parkway, 4th Floor
Short Hills, New Jersey 07078
Tel: 973-912-7100
Fax: 973-912-7199
*Attorneys for Defendant*
*Carrington Mortgage Services, LLC*

| | |
|---|---|
| ESTATE OF PHILIP EBERWEIN AND CECILIA M.E. LINDENFELSER, EXECUTRIX OF THE ESTATE OF PHILIP EBERWEIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>CARRINGTON MORTGAGE SERVICES, LLC, and JOHN DOES 1-10,<br><br>Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>Civil Action No. _____<br><br><br>**NOTICE OF REMOVAL OF DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC**<br><br><br>Removed from the Superior Court of New Jersey, Mercer County, Law Division, Civil Part |

TO:  United States District Court - District of New Jersey
     Clarkson S. Fisher Building & U.S. Courthouse
     402 East State Street
     Trenton, New Jersey 08608

With Notice to:

   Clerk of the Superior Court of New Jersey
   Mercer County, Civil Division
   175 South Broad Street
   Trenton, New Jersey 08650

   Lewis G. Adler, Esq.                 Cecilia M.E. Lindenfelser
   Law Offices of Lewis G. Adler        Law Offices of Cecilia M.E. Lindenfelser
   26 Newton Ave.                       570 Kearny Ave.
   Woodbury, New Jersey 08096           Kearny, New Jersey 07032

1

lewisadler@verizon.net             clindenfelser@verizon.net
*Attorney for Plaintiff*              *Attorney for Plaintiff*

Paul DePetris
Lee M. Perlman
Perlman Depetris Consumer Law LLC
1926 Greentree Rd, Suite 100
Cherry Hill, NJ 08003
info@newjerseylemons.com
lperlman@newjerseylemons.com
*Attorneys for Plaintiff*

**PLEASE TAKE NOTICE THAT** on September 26, 2025, based on the following allegations, Defendant Carrington Mortgage Services, LLC ("Carrington"), did and hereby does remove this action from the Superior Court of New Jersey, Mercer County, Docket No. MER-L-001719-25, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 with full reservation of any and all defenses and objections.

1.      On or about August 15, 2025, Plaintiff Cecilia M.E. Lindenfelser, as the Executrix of the Estate of Philip Eberwein, ("Plaintiff") filed a civil action against Carrington in the Superior Court of New Jersey, Mercer County, captioned ESTATE OF PHILIP EBERWEIN AND CECILIA M.E. LINDENFELSER, EXECUTRIX OF THE ESTATE OF PHILIP EBERWEIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED v. CARRINGTON MORTGAGE SERVICES, LLC AND JOHN DOES 1-10, which was assigned Docket No. MER-L-001719-25 (the "State Court Action"). A true and correct copy of the Complaint in the State Court Action is attached hereto as **Exhibit A**.

2.      Plaintiff styles her Complaint as a "PUTATIVE CLASS ACTION". Compl. at p. 1. Plaintiff alleges causes of action on behalf of decedent Philip Eberwein and on behalf of the putative class for (a) purported violations of the New Jersey Consumer Fraud Act (*id*. at pp. 4, 9-

2

17, ¶¶ 31-61); (b) purported violations of the New Jersey Truth-In-Consumer Contract, Warranty And Notice Act (Compl. at pp. 4, 9-17, ¶¶ 31-61; pp. 4, 17-24 ¶¶ 62-88). Plaintiff additionally makes allegations on behalf of a putative class. Compl. at pp. 26-34, ¶¶ 93-155. Moreover, Plaintiff specifically alleges that "[c]ertification of the under [New Jersey Civil] Rule 4:32 [Class Actions] or Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate because defendants acted on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole." Compl. at p. 30, ¶ 129; *see also* Compl. at pp. 30-31, ¶ 130.

## **GROUNDS FOR REMOVAL**

3.      Carrington received a Summons and Complaint in the State Court Action on or about August 27, 2025. A true copy of the Summons in the State Court Action and the Service of Process Documentation is attached hereto as **Exhibit B**.

4.      Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice is filed within thirty (30) days after service of the Complaint upon Carrington.

5.      To Carrington's knowledge, no additional process, pleading, or order has been filed to date in this action outside of the Complaint and Summons, attached as Exhibits A and B, respectively.

6.      Written notice of the filing of this Notice of Removal will be served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

7.      A copy of this Notice of Removal is being served upon counsel for Plaintiff and is being filed contemporaneously with the Clerk of the Superior Court of New Jersey, Mercer County, as required by 28 U.S.C. 1446(d).

8.       Venue is proper under 28 U.S.C. § 1441(a) because the Superior Court of New Jersey, Mercer County is located within the district of the United States District Court for the District of New Jersey.

### A. Removal Pursuant to the CAFA

9.       Carrington removes this matter because it is a civil action of which the Court has original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), and is one which Defendant may remove to this Court pursuant to the provisions of 28 U.S.C. §§ 1441, 1446, and 1453(b). CAFA provides federal courts with jurisdiction over civil class actions if the "matter in controversy exceeds the sum or value of $5,000,000," the aggregate number of proposed class members is 100 or more, and any class member is a citizen of a state different from any defendant. *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 503 (3d Cir. 2013) (quoting or citing 28 U.S.C. § 1332(d)(2), (d)(2)(A), (d)(5)(B)). All three jurisdictional elements are met here.

10.      Numerosity. Plaintiff specifically alleges that "Numerosity is satisfied as the class is believed to number at least hundreds of members and their joinder is impracticable, except by via a class action." Compl. at p. 27, ¶ 107 (emphasis added).

11.      Diversity of Citizenship. Plaintiff Cecilia M.E. Lindenfelser, Executrix of the Estate of Philip Eberwein is a citizen of New Jersey. *See* ¶ 15, *infra*. Carrington is *not* a citizen of New Jersey for jurisdictional purposes. *See* ¶ 16, *infra*.

12.      Amount in Controversy. In this action, Plaintiff expressly states and asserts damages of $3,000,000. *See* Compl. at p. 2 ("STATEMENT OF DAMAGES PURSUANT TO R. 4:5-2"). In addition, the "CFA provides for recovery of **treble damages**, reasonable attorneys' fees and costs by '[a]ny person who suffers any ascertainable loss of moneys or property, real or

personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act....'". *Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427, 436–37 (D.N.J. 2012) (quoting N.J. Stat. Ann. § 56:8–19) (emphasis added). When a plaintiff asserts a claim pursuant to a state statute, the potential recovery of attorneys' fees and treble damages must be considered in determining the amount-in-controversy if they are available under that statute. *Politi v. Boscov's, Inc.*, No. 22-CV-01616-MCA-ESK, 2022 WL 17730893, at *4 (D.N.J. Oct. 17, 2022), *report and recommendation adopted*, No. CV 22-01616, 2023 WL 5425342 (D.N.J. Aug. 22, 2023) (citing *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 508 n.12 (3d Cir. 2014) (holding that treble damages must be considered in arriving at the amount-in-controversy) and citing *Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 227 (3d Cir. 2019) (holding that "attorneys' fees ... do count for CAFA's amount-in-controversy threshold")). A determination as to the amount-in-controversy "focu[ses] on what damages a plaintiff could reasonably assert," and "not the amount ultimately proven." *Polito*, No. 22-CV-01616-MCA-ESK, 2022 WL 17730893, at *4 (quoting *Smith v. HSN, Inc.*, No. 20-12869, 2020 WL 7022640, at *5 (D.N.J. Nov. 30, 2020)). It is well settled that in determining whether the amount in controversy requirement meets the amount in controversy threshold of 28 U.S.C. 1332(d)(2), a court should consider the aggregate value of all claims for all categories of claimed damages. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."). Here, the named Plaintiff seeks damages in the amount of $3,000,000. When trebled, the amount in controversy well exceeds $5,000,000 on an individual and aggregate basis. Alternatively, Plaintiff purports to void the underlying contract that had a minimum payoff of $235,632.27, which does not include the amount of any treble

5

damages. *See infra*. Aggregating similar alleged damages (before any trebling) for the entire purported class of more than one hundred members easily exceeds the $5,000,000 jurisdictional threshold for the amount in controversy.

### B. Removal Pursuant to 28 U.S.C. § 1332(a)

13. Notwithstanding removal being proper under the CAFA, the Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the named parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14. Diversity of Citizenship. Plaintiff asserts she is an individual "with an address of 570 Kearny Avenue, Kearny, New Jersey 07032." Compl. at p. 2, ¶ 2. If Plaintiff were making claims on an individual basis, she would be deemed a citizen of New Jersey.

15. However, Plaintiff serves and acts in a representative capacity in this litigation – as Executrix of the Estate of Philip Eberwein. The representative of an estate is deemed a citizen only of the same State as the decedent. *See* 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"); *see also McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006). Decedent Philip Eberwein was domiciled in New Jersey at the time of his death on December 16, 2022. Thus, Plaintiff is deemed a citizen of New Jersey for jurisdictional purposes.

16. Defendant Carrington Mortgage Services, LLC is a Delaware limited liability company. The citizenship of a limited liability company is determined by the citizenship of all its members. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). Carrington Mortgage Services, LLC's members are Carrington Holding Company, LLC and Carrington Investment Partners, L.P. Carrington Holding Company, LLC is a Delaware limited liability company, whose sole member is The Carrington Companies, LLC. Carrington Investment

Partners, L.P. is a Delaware limited partnership, whose general partner is Carrington Capital Management, LLC and whose limited partners are CIP Intermediate, LLC, a Delaware limited liability company, and Carrington Holding Company, LLC, a Delaware limited liability company. Carrington Holding Company, LLC is the sole member of CIP Intermediate, LLC. Carrington Capital Management, LLC is a Delaware limited liability company, whose members are Carrington Holding Company, LLC and a natural person. The natural person is not a citizen of the state of New Jersey. The Carrington Companies, LLC is a Delaware limited liability company, whose members are two natural persons who are not citizens of the state of New Jersey. Accordingly, Carrington is *not* a citizen of New Jersey for jurisdictional purposes.

17. John Does 1-10 are wholly fictitious and are disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b) ("the citizenship of defendants sued under fictitious names shall be disregarded.")

18. Accordingly, complete diversity of citizenship existed between the parties at the time Plaintiff's Complaint was filed, and complete diversity of citizenship exists at the time of removal.

19. Amount in Controversy. In this action, Plaintiff expressly states and asserts her damages at $3,000,000. *See* Compl. at p. 2 ("STATEMENT OF DAMAGES PURSUANT TO R. 4:5-2").

20. Similarly, Plaintiff requests additional relief seeking to void the decedent's residential mortgage and the contract governing the decedent's property subject to the underlying mortgage, which Plaintiff would purportedly require repayment of the approximately $235,632.27 owed at the time the decedent's mortgage was paid off. *See* Compl. at pp. 15-16 ¶

51 and at p. 35 ("PRAYER FOR RELIEF COMMON TO ALL COUNTS"); *see also* attached Loan Payoff document, a true and accurate copy of which is attached as **Exhibit C**.

21. Further, Plaintiff seeks declaratory and equitable relief through the voiding of the contract governing the decedent's subject mortgage. *See* Compl. at ¶¶ 52, 53, 56, 60, 61, and at p. 35 ("PRAYER FOR RELIEF COMMON TO ALL COUNTS"). When such relief is sought, the amount in controversy is measured by the value of the object of the litigation. *See Abouelmakarem v. Mustafa*, No. CV 23-22209, 2025 WL 1792865, at *3 (D.N.J. June 30, 2025) ("In actions seeking declaratory or equitable relief, like the present action, 'the amount in controversy is measured by the value of the object of the litigation.'") (quoting *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 398 (3d Cir. 2016)). Here, at a minimum, Plaintiff asserts entitlement to declaratory and equitable relief that would purportedly require repayment of the approximately $235,632.27 owed at the time the decedent's mortgage was paid off. *See* Ex. C.

22. The amount in controversy, at the time of the commencement of this action and at the present, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## **REMAINING CONSIDERATIONS**

23. Carrington disputes Plaintiff's purported damages and Plaintiff's entitlement to recover any of the amounts that are or may be sought in this action.

24. Defendant does not waive any legal defenses and expressly reserves the right to raise any and all legal defenses in subsequent proceedings.

25. If any question arises as to the propriety of this removal, Defendant requests the opportunity to present written and oral argument as well as additional evidence in support of removal.

**WHEREFORE**, Defendant Carrington Mortgage Services, LLC respectfully requests that the State Court Action be removed from the Superior Court of New Jersey, Mercer County, to the United States District Court for the District of New Jersey, and that the United States District Court for the District of New Jersey assume jurisdiction of this matter as a properly removed civil action.

DENTONS US LLP

By: */s/ Erika M. Lopes-McLeman*
Erika M. Lopes-McLeman, Esq.
erika.lopes-mcleman@dentons.com
Melissa Sarsten Polito, Esq.
melissa.sarstenpolito@dentons.com

*Attorneys for Defendant*
*Carrington Mortgage Services, LLC*

Dated: Short Hills, New Jersey
September 26, 2025